## MOFFETT v. COMMISSIONER OF INTERNAL REVENUE.

## COMMISSIONER OF INTERNAL REVENUE v. MOFFETT.

### No. 220, Docket 21890.

United States Court of Appeals Second Circuit.

Argued June 5, 1951.

Decided July 24, 1951.

Hugh C. Bickford, Washington, D. C., David H. Nelson, Washington, D. C., and Courtland Palmer, New York City, for Irene C. Moffett.

Charles Oliphant, Dept. of Justice, Washington, D. C., Theron Lamar Caudle, Washington, D. C. (Ellis N. Slack, Helen Goodner and Melva M. Graney, Washington, D. C., of counsel), for Commissioner.

Before CHASE, CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. The taxpayer's appeal

Section 23(c) (1) (D), 26 U.S.C.A., provides that, in computing a taxpayer's net taxable income, there shall be no deduction of estate taxes paid by the taxpayer. Under § 827(b), 26 U.S.C.A., taxpayer, as a transferee, was "personally liable" for the estate tax. Accordingly, she could not, like a creditor, stand in the government's shoes, and therefore we regard as untenable her contention, i. e., that, by her payment of that tax, she became subrogated to the government's rights so

that the annuity payments represented payment of a debt, not income.

2. The Commissioner's appeal

■ When taxpayer paid the estate tax out of her own funds, in effect she made a purchase of annuity contracts to the extent of that payment. The amounts received pursuant to the annuity contracts are, therefore, not, under § 22(b)(2)(A), 26 U.S.C.A., tax-free returns of capital, except as in that subsection provided. Consequently, we think the Tax Court erred in allowing taxpayer to amortize the amount of her payment of the estate tax.

Affirmed as to taxpayer's appeal; reversed as to the Commissioner's appeal.